53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sergio Aristides OSEJO-GARCIA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70757.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 16, 1995.*
Decided April 26, 1995.
 
 Before: HUG, FARRIS, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sergio Aristides Osejo-Garcia ("Osejo-Garcia") petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the ruling of the immigration judge ("IJ") that denied his applications for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 Osejo-Garcia claims that he was persecuted in Nicaragua because of his refusal to join pro-Sandinista unions and the Sandinista Defense Committee. We conclude, however, that the BIA properly took administrative notice of the change of government in Nicaragua and determined that Osejo-Garcia does not have a well-founded fear of persecution. The BIA took notice of the fact that workers in Nicaragua are now free to join the unions of their choice, and Osejo-Garcia could not provide evidence of anyone subject to persecution because of his or her past refusal to join Sandinista-led unions.
 
 
 4
 Osejo-Garcia claims that the BIA improperly took administrative notice of the change of government in Nicaragua. The decision to take administrative notice of facts is reviewed for an abuse of discretion. Castillo-Villagra v. INS, 972 F.2d 1017, 1028 (9th Cir. 1992). The BIA was within its discretion to take notice of the new government in Nicaragua because Osejo-Garcia had fair warning that it would do so, as Osejo-Garcia himself brought up the issue of the change of government in his brief to the BIA. Furthermore, Osejo-Garcia had adequate opportunity to rebut the BIA's findings but made no effort in three years to supplement his brief or to provide any sort of evidence that would support a continued well-founded fear on his part. Thus, this case is distinguishable from Castillo-Villagra, in which the BIA improperly took notice of the new government because it had done so without giving the petitioners any fair warning or opportunity to rebut its findings. 972 F.2d at 1029-31. Instead, this case is analogous to Acewicz v. INS, 984 F.2d 1056 (9th Cir. 1993), in which we upheld the BIA's decision to take administrative notice of the change of government because the petitioners were given "ample opportunity" to show that their fear of persecution remained valid despite the new government. Id. at 1061.
 
 
 5
 We review the factual findings underlying the BIA's decisions for substantial evidence. Id. Substantial evidence supports the BIA's determination that the changed conditions in Nicaragua have obviated Osejo-Garcia's claims of continuing economic persecution. In addition, although extreme past persecution alone could qualify an applicant for asylum, Osejo-Garcia's economic deprivations were not sufficiently severe or egregious to warrant the grant of asylum. Cf. Matter of Chen, Int. Dec. 3104 (BIA 1989).
 
 
 6
 The well-founded fear of persecution standard for asylum is less stringent than the clear-probability standard for withholding of deportation. Diaz-Escobar v. INS, 782 F.2d 1488, 1492 (9th Cir. 1986). Because Osejo-Garcia failed to show a well-founded fear of persecution, he also necessarily does not qualify for withholding of deportation.
 
 
 7
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3